C. R. BISHOP *et al.*, Assignees of T. B. Walker *vs.*
T. H. DAVIES & CO.

IN EQUITY.    BEFORE AUSTIN, J.

JUNE, 1884.

A mortgage given two months before the bankruptcy of the mort-
gagor held not to be in fraud of creditors: the mortgagees not
having reasonable cause to believe that the mortgagor was in-
solvent.

DECISION OF AUSTIN, J.

This is an action brought to declare void, as against creditors,
a mortgage given by said Thomas B. Walker, a bankrupt, to the
defendants, for $2293.50, dated October 1st, 1883, executed and
delivered November 12th, 1883, payable four months after date
with interest at 10 per cent, covering a leasehold interest and a
block of three brick stores on King street, property of the bank-
rupt, upon the ground that when given the said bankrupt was
insolvent, and that the defendants had reasonable cause to
believe him insolvent. The defendants deny that they had
reasonable cause to believe the insolvency. Section 978 of the
Bankrupt Act, as amended in 1882, provides that "every
assignment, conveyance or transfer of his property by him (the
bankrupt) after he shall have become insolvent or committed an
act of bankruptcy, except upon a good consideration to a *bona
fide* purchaser having no reasonable cause to believe him insol-
vent or bankrupt, shall be void; and the property so transferred
may be recovered and disposed of by the assignees for the benefit
of the creditors."

At the time of the giving of the mortgage sought to be set
aside, the evidence shows beyond dispute that Walker, the mort-
gagor, was insolvent, and the sole question in the case is whether
the defendants then had reasonable cause to believe him to be
insolvent.

Upon this point the substantial facts proved were as follows:

The mortgage was given to secure a precedent debt, contracted from time to time, from March to and including August, 1883, for building materials sold and resting in book account.

At the time of the sales the bankrupt was of the firm of Walker and Treadway, master builders, in Honolulu. They had several large contracts and appeared to be doing a prosperous business. After sales, on two occasions, Treadway paid defendants sums on account. About the 1st of October, the firm of Walker & Treadway was dissolved, Treadway owing the firm about $1000. In October Treadway came to defendant's office and asked for his detailed account, saying he had dissolved with Walker and they wanted to pay up. The bill was soon made and delivered, and a few days after Treadway came in and it was fixed in amount by a deduction on lime, and Treadway said it would be soon paid. The account stood awhile, and then after November 1st, Wundenberg, the bookkeeper and agent of the defendants, being directed by defendants, sought to settle the claim, and met Walker by appointment at the office of Luning, who kept his books, he being no scholar. Wundenberg pressed for payment. Walker wished to give note at six months, and said he would then pay at least half the amount, if not all, with interest. Walker said he had the leasehold interest referred to, two stores being rented at $100 each, and the other held at same rent, but they were mortgaged for about $11,000 to two different parties, C. R. Bishop and E. Furstenau. He also said he had a claim of $1000 against Samuel Nowlein, and about $1200 against the Government. That he was able to pay all his debts and intended to do so. Wundenberg pressed to be secured by the mortgage taken, saying the debt had stood five months, and he wished to have the claim on interest. Luning advised Walker not to give mortgage, saying that his notes had not been refused yet, and a note of hand ought to do.

Wundenberg proposed to collect and apply rents of stores. Walker said there was no necessity for that. No other debts owed by Walker were spoken of. Walker swore he then believed himself perfectly solvent.

Soon after the mortgage was given, on January 17th, 1884, Walker was declared a bankrupt on his own petition, which was dated January 7th, 1884.

At the time the mortgage was given, Walker owed, including all mortgages, the sum of $18,489.86, and besides mortgages, $5396.31.

Mr. Jaeger swore that the stores at auction ought to bring $14,000 or $15,000, and at the time of the mortgage there was due Walker $300 from Samuel Nowlein, and several hundred dollars from the Government. No act of bankruptcy by Walker was shown to have been committed when he gave the mortgage, and Wundenberg swore he then believed Walker solvent and better off without Treadway. He heard nothing of bankruptcy till notice published. Defendants trusted all to Wundenberg, and knew nothing of the insolvency of Walker.

Upon these facts, had defendants reasonable cause to believe Walker insolvent when they took the mortgage? I think not. True, they pressed for the security; but this was a natural act, and finally the mortgage was freely given. Walker believed he could pay all, and the defendants thought he could, and there was no intention to give or take a fraudulent preference; with more time he might have paid all.

Up to time of mortgage no sign of Walker's being pressed for debt was shown. There were no public indications of his unsoundness. As matter-of-fact he was insolvent and in less than two months time petitioned as a bankrupt, but this alone is not enough to set aside the mortgage. He did not keep his own books and did not really know his own condition. I do not think there was sufficient shown to put defendants on inquiry as to his solvency. They acted in good faith, and should be allowed to retain their security.

Under the insolvency laws of most of the United States preferences can be given.

The Bankruptcy Statutes of England and of America, when in force, are somewhat different from ours, and the cases under them are not strictly reliable as authority, but analogous cases

are to be found in both countries. See *Jones vs. Howland,* 8 Met., 377; *Morgan vs. Brundetts,* 5 Barnewall and Adolphus, 297.

Fair measures to secure an honest debt against a debtor apparently solvent, though slow, ought to be commended and not condemned.

Let a decree be entered for the defendants with costs.

*F. M. Hatch,* for plaintiffs.

*E. Preston,* for defendants.

Honolulu, June 27th, 1884.